# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE _____

| | |
|---|---|
| DAVID PATTS,<br>Plaintiff<br><br>v.<br><br>WILLIAM HEALEY, PETER LIACOS,<br>and<br>VERIZON COMMUNICATIONS, INC.<br>Defendants | 03 - 12487 PBS<br><br>C.A. No.<br><br>AMOUNT $ _____<br>SUMMONS ISSUED Yes<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK _____<br>12-10-03 |

## COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, David Patts (the "Plaintiff" or "Patts"), is a resident of Kingston, Plymouth County, Commonwealth of Massachusetts.

2. The Defendant, William Healey ("the Defendant Healey"), is a resident of Marshfield, Plymouth County, Commonwealth of Massachusetts.

3. The Defendant, Peter Liacos ("the Defendant Liacos"), is a resident of Gloucester, Essex County, Commonwealth of Massachusetts.

4. The Defendant, Verizon Communications, Inc., is a corporation organized under the laws of the State Delaware, having its principal place of business in Minneapolis, Minnesota.

1

## FACTUAL ALLEGATIONS

5. The Plaintiff is employed as a Central Office Technician by the Defendant Verizon, at its facility located in Taunton, Massachusetts.

6. At times relevant to this Complaint, the Defendant Healey has had supervisory control over the Plaintiff, and the Defendant Liacos has exercised managerial authority over his employment.

7. On an ongoing and continuous basis, the Defendant Healey, with the assent of the Defendant Liacos, has discriminated against the Plaintiff on the basis of his age by bypassing the Plaintiff for training, time off, overtime opportunities and opportunities to be compensated for training other employees in technical matters, on the basis of his age.

8. The Plaintiff, along with similarly situated employees, has complained to officials of Verizon about its discriminatory practices.

9. On or before October 8, 2002, the Plaintiff also filed a Charge of Discrimination with the EEOC and the MCAD, and participated in a mediation session with the EEOC on or about January 14, 2003.

10. The Plaintiff's conduct as herein described constituted protected activity within the meaning of G.L. c. 151B, Title VII, 42 U.S.C. § 2000e, and the ADEA, 29 U.S.C. § 621.

11. In retaliation for his engagement in the protected activity described above, the Defendant Healey has discriminated against the Plaintiff in the terms and conditions of his employment, in violation of G.L. c. 151B, and 29 U.S.C. § 621, *inter alia*, by:

    12. bypassing the Plaintiff for overtime;

13. withholding schedules and information required for the Plaintiff to do his job;

14. delegating onerous work assignments to the Plaintiff;

15. instructing the Plaintiff not to train a coworker, Linda Gray;

16. shunning the Plaintiff at work, including deliberately not speaking with him even about normal business activities;

17. glaring at the Plaintiff to make him feel intimidated;

18. withholding the Plaintiff's vacation schedule;

19. degrading the Plaintiff in front of coworkers;

20. unfairly criticizing the Plaintiff's work performance in front of coworkers to humiliate him;

21. refusing to call the Plaintiff by his name;

22. referring the Plaintiff as a "stupid asshole";

23. threatening to withhold pay from the Plaintiff.

24. Notwithstanding the Plaintiff's complaints, and the Defendants' knowledge of the illegal activities herein described, the Defendants have failed to adequately address the illegal conduct, and have condoned it, thus creating a hostile work environment.

25. By the foregoing acts, the Defendants have violated G.L. c. 151B, Title VII, 42 U.S.C. § 2000e *et seq.*, and the ADEA, 29 U.S.C. § 621. As a result, the Plaintiff has been harmed, injured, and damaged.

## JURISDICTION

26. Plaintiff claims jurisdiction in this Court based upon the 29 U.S.C. 621, and 28 U.S.C. § 1331, federal question.

27. The Plaintiff has satisfied all prerequisites to sue under G.L. c. 151B, 29 U.S.C. § 621, and Title VII.

## COUNT I

### Patts v. Healey, Liacos, and Verizon
### Age Discrimination – ADEA - 29 U.S.C. § 621

As to the Defendants Healey, Liacos, and Verizon, the Plaintiff complains as follows:

28. The Defendants subjected the Plaintiff to the adverse employment actions described above, including but not limited to bypassing him for training and overtime opportunities, on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621.

29. As a direct and foreseeable consequence of the Defendants' acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

## COUNT II
### Patts v. Healey, Liacos, and Verizon
### Age Discrimination - G.L. c. 151B

As to the Defendants Healey, Liacos, and Verizon, the Plaintiff complains as follows:

30. The Defendants subjected the Plaintiff to the adverse employment actions described above, including but not limited to bypassing him for training and overtime opportunities, on the basis of his age, in violation of G.L. c. 151B.

31. As a direct and foreseeable consequence of the Defendants' acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

## COUNT IIII

### Patts v. Healey, Liacos, and Verizon
### Retaliation – ADEA - 29 U.S.C. § 621

As to all Defendants, the Plaintiff complains as follows:

32. The Plaintiff repeats and realleges all previous paragraphs as though fully set forth herein.

33. As described above, the Plaintiff engaged in activity protected by the ADEA.

34. The Defendants subjected the Plaintiff to the adverse employment actions described in above in retaliation for this protected activity.

35. As a direct and foreseeable consequence of the Defendants' acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

## COUNT IV
### Patts v. Healey, Liacos, and Verizon
### Retaliation - G.L. c. 151B

As to all Defendants, the Plaintiff complains as follows:

36. The Plaintiff repeats and realleges all previous paragraphs as though fully set forth herein.

37. As described above, the Plaintiff engaged in activity protected by G.L. c. 151B.

38. The Defendants subjected the Plaintiff to the adverse employment actions described above in retaliation for this protected activity.

39. As a direct and foreseeable consequence of the Defendants' acts, the Plaintiff has suffered harm and damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, other financial losses, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court enter a judgment:

(a) Awarding him back pay, front pay, damages for emotional distress, compensatory, liquidated, and punitive damages, costs and attorney's fees, as provided by 29 U.S.C. § 621 – 634, and G.L. c. 151B *et seq.*;

(b) enjoining and permanently restraining the Defendant's violation of 29 U.S.C. § 621 – 634, and G.L. c. 151B *et seq*;

(c) directing the Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are eliminated;

(d) granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

THE PLAINTIFF

By his attorney,

_____
Daniel W. Rice
GLYNN, LANDRY,
HARRINGTON & RICE, LLP
10 Forbes Road
Braintree, MA 02184
BBO # 559269
(781) 849-8479

Dated: December 9, 2003